UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DORIAN STEPHENS,

    Plaintiff,

v.                            CAUSE NO. 3:23-CV-163-JD-JPK

ADRIAN BALL,

    Defendant.

## OPINION AND ORDER

Dorian Stephens, a prisoner without a lawyer, filed an amended complaint against Lieutenant Adrian Ball. ECF 8. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Stephens alleges that, on August 4, 2022, while commissary purchases were being distributed, he felt disrespected by Officer Robinson.[1] During the incident with Officer Robinson, Lt. Ball allegedly shoved Stephens in the stomach. At the time, Stephens was recovering from surgery performed to treat colon cancer, and Lt. Ball was

---

[1] Officer Robinson is not a defendant in this action.

aware of this. Lt. Ball placed him in handcuffs and roughly handled him on the way to a holding cell.

Under the Eighth Amendment, prisoners cannot be subjected to cruel and unusual punishment. *See Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994). The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* Giving Stephens the inferences to which he is entitled at this stage, he states a plausible Eighth Amendment claims against Lt. Adrian Ball.

Once they arrived at the holding cell, Lt. Ball performed a physical body search. Stephens indicates he was sexually assaulted and verbally abused with racial slurs. These allegations are too vague to state a claim.

Stephens also asked Lt. Ball to see a captain, and she denied his request. There is no constitutional right to see a captain. Therefore, this allegation does not state a claim.

For these reasons, the court:

(1) GRANTS Dorian Stephens leave to proceed against Lt. Adrian Ball in her individual capacity for compensatory and punitive damages for using excessive force against Dorian Gray Stephens on August 4, 2022, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Lt. Adrian Ball at the Indiana Department of Correction, with a copy of this order and the amended complaint (ECF 8);

(4) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of the defendant, if she does not waive service and it has such information; and

(5) ORDERS, under 42 U.S.C. § 1997e(g)(2), Lt. Adrian Ball to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on May 12, 2023

/s/JON E. DEGUILIO  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT